UNITED STATES, PLAINTIFF *v.* JAC NATORI CO., LTD., DEFENDANT

Court No. 90-08-00445

(Dated September 27, 1995)

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(John Warshawsky)* for the plaintiff.

*Irving A. Mandel* and *Jeffrey H. Pfeffer; Thomas J. Kovarcik,* of counsel, for the defendant.

## MEMORANDUM AND ORDER

AQUILINO, *Judge:* The court's slip op. 95-126, 19 CIT 930 (July 14, 1995), in the above action concluded that the plaintiff is entitled to recover on the first and fourth counts of its complaint and directed the parties to settle and present a proposed form of final judgment based thereon.

Comes now the plaintiff with a Motion for Rehearing of Slip Opinion 95–126

> (1) to have the Court's opinion modified to correct a typographical error,
>
> (2) to have the Court's opinion modified to clarify that the Government is entitled to recover unpaid duties based upon "assists" supplied by Jac Natori to a related entity, F.F. International Manufacturing Corporation ("FFI"), and
>
> (3) that the Court allow the parties an additional thirty days, from the date of its modification order, to comply with the directive to submit a proposed form of judgment.

Plaintiff's Memorandum, pp. 1–2.

### (1)

The error to which the motion points (on the seventh line of page 4 of the slip opinion) is indeed typographical. The total amount of duties claimed by the plaintiff at the close of the trial on count IV of its complaint was $892,846.00, and page 4 of slip op. 95–126 is hereby deemed corrected to reflect this sum.*

### (2)

Plaintiff's motion states that slip op. 95–126 "does not discuss whether the Government may recover unpaid duties based upon the second element of our presentation, the assists to FFI" and "fails to discuss the entries in the purchases journal which * * * represented assists to FFI." *Id.* at 3 and 6.

The court cannot concur. To the extent the opinion has indeed left counsel uncertain, suffice it to state now that the plaintiff is not entitled to recover on its claim(s) of assists to FFI on the part of the defendant. Not only is the evidence adduced in regard thereto not clearly and convincingly in favor of the plaintiff, it also does not satisfy the lesser standard of fair preponderance governing the fourth count of the complaint. Hence, plaintiff's motion for rehearing on this ground must be, and it hereby is, denied.

### (3)

Upon further reflection, in the light of the motion at bar and defendant's papers filed in opposition thereto, it may well be that the parties are unable to settle and present a proposed form of final judgment, as opposed to unwilling. Either way, they have not been of assistance, and the extension of time requested by the third paragraph of plaintiff's motion is therefore also hereby denied.

---

* In granting this part of the motion for rehearing, the court has reread its entire opinion and discovered a more substantive misstatement (at page 12), to wit, "the plaintiff claims duties lost on the afore-numbered entries in the total amount of $8,214.76." In fact, the record does not reflect that those duties were actually lost on the entries covered by the first count of the complaint or that the plaintiff is claiming otherwise. *See, e.g.*, Pretrial Order, Schedule D–1, pp. 1–2.

This fact, however, does not preclude imposition of a penalty under the Tariff Act of 1930, as amended. In such a case, the duties of which Customs might have been deprived still provide a basis of the penalty. *See* 19 U.S.C §§ 1592(a) and (c)(2) and (3). *Compare United States v. Menard, Inc.*, ___ F.3d ___ (Fed.Cir. Aug. 28, 1995).

The moment has arrived for entry of final judgment in accordance with slip op. 95–126, which concludes that the plaintiff is entitled under count I of its complaint to a penalty for defendant's gross negligence and under count IV to duties proven to have been lost and also that the remainder of the complaint must be dismissed.

The penalty awarded by slip op. 95–126 is four times $8,214.76 or $32,859.04. However, the record also shows, and the court so finds, that the plaintiff recovered this amount from the defendant on or about April 25, 1990 by way of letter of credit posted to effectuate release of the seized merchandise. This being the case, the court concludes that the plaintiff is not entitled to recover now any additional amount from the defendant under the first count of the complaint (or vice versa pursuant to the counterclaim herein).

With regard to the duties owed under the fourth count, based on the record developed and in accordance with slip op. 95–126, the court finds the total undeclared dutiable value of defendant's merchandise to have been $351,588.46 for 1981 and $732,871 for 1982. Multiplying the first sum by an average duty rate of 42.5 percent results in $149,425.10, while multiplying the second sum by an average duty rate of 39.4 percent equals $288,751.17. Ergo, the plaintiff is entitled to recover $438,176.27 from the defendant, plus interest as provided by law.